**Souren BADALIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71398.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

Souren Badalian, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Blair T. O'Connor, Esq., San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM [**]

Souren Badalian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that substantial evidence supports the IJ's decision because Badalian's asylum application omitted and/or was inconsistent with his testimony concerning several details that went to the heart of his asylum claim, including his intimacy with the murdered leader of a gay rights association, threats of a sexual nature made by police, a six month period of hiding from the police, and continual searches of his parents' home by police. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). In addition, Badalian's testimony was internally inconsistent regarding details that went to the heart of his asylum claim, including whether or not he was charged by police for being homosexual, whether he was fired from his job for his sexual orientation, and whether he was openly gay. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Badalian failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We decline to address Badalian's challenge to the IJ's denial of his request for relief under the CAT because he failed to raise it before the BIA. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

